SAN JOAQUIN AND KINGS RIVER CANAL AND
IRRIGATION COMPANY *v.* COUNTY OF STAN-
ISLAUS, IN THE STATE OF CALIFORNIA.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 303. Argued March 18, 1914.—Decided April 27, 1914.

As the franchise involved in this case provides that the rates for sup-
plying water may be fixed by a public body but so that the returns
shall not be less than a specified per cent. on the value of all the
property actually used and useful to the appropriation and fur-
nishing of the water, the value of the water rights owned by the
company must be taken into account in establishing such rates.
A party may wait until after a law is passed or a regulation is made
which affects his interests and then stand upon his constitutional

rights; and so *held* that a public utility corporation may attack a rate as confiscatory after it has been made, although it offered no evidence as to the value of its property and of the service rendered before the governing body establishing the rate. *Prentis* v. *Atlantic Coast Line,* 211 U. S. 210.

The declaration in the California constitution of 1879 that water appropriated for sale is appropriated for a public use is not to be construed as meaning that the water belongs to the public at large but as meaning that those within reach may obtain it at a reasonable price.

191 Fed. Rep. 875, reversed.

THE facts, which involve the validity under the due process clause of the Fourteenth Amendment of orders establishing water rates of an irrigation company in California, are stated in the opinion.

*Mr. Edward F. Treadwell,* with whom *Mr. Garret W. Mc-Enerney, Mr. Frank H. Short, Mr. Aldis B. Browne* and *Mr. Alexander Britton* were on the brief, for appellant.

*Mr. James P. Langhorne,* with whom *Mr. L. J. Maddux, Mr. Parker S. Maddux, Mr. Denver S. Church, Mr. M. F. McCormick* and *Mr. H. S. Shaffer* were on the brief, for appellees:

Complainant was not entitled to have its alleged water rights valued by the Circuit Court, because it failed to claim before the rate boards that it owned any water rights, or to introduce any evidence of value of water rights, or to refer to them in any manner.

The water rights cost complainant nothing.

Complainant was not entitled to have its alleged water rights valued, because it diverted the waters from a public stream for public use, without cost to it for such waters.

The contracts under which complainant furnishes water to Miller & Lux, its controlling stockholder, at less than the county rates complained of were not made in consid-

eration of the conveyance by Miller & Lux to complainant of any riparian or other water right.

The contract under which complainant furnishes Miller & Lux free water for 20,000 acres of pasture land was not made in consideration of any water right.

Even should the value of the alleged water right be included, yet complainant should not recover and the bill of complaint was properly dismissed since complainant donates 25.13 per cent of its receivable revenues under the rates complained of to Miller & Lux, its controlling stockholder, under its discriminatory rate contracts with Miller & Lux, and hence complainant has no standing in court because the court should only enforce the constitutional guaranties as to income actually receivable by complainant under the rates complained of.

Complainant does not own the water right.

Irrespective of whether or not complainant paid anything for its alleged water rights, it is not entitled to have them valued in a proceeding to fix rates, because under the constitution of the State of California it has dedicated its waters and water rights to a public use. It is the mere purveyor or carrier of the water for public use. The public served by complainant is the owner of the water rights.

Complainant is not entitled to have its alleged water rights valued as part of its franchise.

Complainant is not entitled to have its alleged water rights valued as increasing the value of its tangible properties; nor is complainant entitled to have its alleged water rights valued as part of its "going concern."

Complainant introduced no evidence of the value of "going concern" or of "good-will."

Complainant has a monopoly, and hence is not entitled to any valuation of "going concern," or "good-will."

The master and Circuit Court did not err in their valuation of the plant or in disallowing alleged appreciation value. Appreciation was offset by the proved depreciation.

Complainant has not come into court with clean hands.

The total of the valuations of complainant's properties made by the County Boards of Supervisors is not the total valuation of complainant's plant, but is the total of the valuations that the board respectively made of those portions of the plant, both within and without the county, that were useful to the counties respectively.

In support of these contentions, see *Anderson* v. *Bassman,* 140 Fed. Rep. 14; *Atchison* v. *Peterson,* 20 Wall. 514; *Balfour* v. *Fresno Irr. Co.,* 109 California, 221; *Basey* v. *Gallagher,* 20 Wall. 682; *Boise City I. & L. Co.* v. *Clark,* 131 Fed. Rep. 414; *Clarke* v. *White,* 12 Pet. 299; *Clyne* v. *Water Co.,* 100 California, 310; *Contra Costa W. Co.* v. *Oakland,* 159 California, 323; *Creath* v. *Sims,* 5 How. 192; *Duckworth* v. *Watsonville W. Co.,* 150 California, 530; *Fresno Irr. Co.* v. *Rowell,* 80 California, 114; *Fresno Irr. Co.* v. *Dunbar,* 80 California, 530; *Fresno Canal Co.* v. *Park,* 129 California, 437; *Galloway* v. *Finley,* 12 Pet. 297; *Home T. & T. Co.* v. *Los Angeles,* 211 U. S. 265; *Imperial Water Co.* v. *Halobird,* 197 Fed. Rep. 4; *Kitchen* v. *Rayburn,* 19 Wall. 518; *Knoxville* v. *Water Co.,* 212 U. S. 1; *Lanning* v. *Osborne,* 76 Fed. Rep. 319; *Lassen Irr. Co.* v. *Leavitt,* 157 California, 94; *Leavitt* v. *Lassen Irr. Co.,* 157 California, 82; *Manhattan &c.* v. *Ward,* 108 U. S. 218; *Merrill* v. *Southside Irr. Co.,* 112 California, 426; *McCrary* v. *Beaudry,* 67 California, 120; *McDonald* v. *Bear River Co.,* 13 California, 220; *New York* v. *Pine,* 185 U. S. 103; *Osborne* v. *San Diego Land Co.,* 178 U. S. 22; *People* v. *Stephens,* 62 California, 233; *People* v. *Elk River M. & L. Co.,* 107 California, 221; *Price* v. *Irrigating Co.,* 56 California, 431; *Roberts* v. *Nor. Pac. R. R. Co.,* 158 U. S. 13; *San Diego Flume Co.* v. *Souther,* 90 Fed. Rep. 164; 104 Fed. Rep. 707; *San Diego Flume Co.* v. *Chase,* 87 California, 561; *San Diego Co.* v. *National City,* 74 Fed. Rep. 79; *S. C.,* 174 U. S. 739; *San Diego W. Co.* v. *San Diego,* 118 California, 556; *Stanislaus* v. *San Joaquin R. R. & I. Co.,* 192 U. S.

201; *Stanislaus W. Co.* v. *Bachman,* 152 California, 716; *Souther* v. *San Diego F. Co.,* 112 Fed. Rep. 228; *Thayer* v. *Cal. Dev. Co.,* 164 California, 117; *Tyndale Palmer* v. *Southern Water Co.,* No. 418 Cal. R. Com.; *Watterson* v. *Saldunbehere,* 101 California, 107, 112; Weil on Water Rights, § 478; *Wheeler* v. *Northern Irr. Co.,* 10 Colorado, 298; *Wheeler* v. *Sage,* 1 Wall. 518; *Wilterding* v. *Green,* 45 Pac. Rep. 134; *Willcox* v. *Con. Gas Co.,* 212 U. S. 19; *Wyatt* v. *Lorimer,* 18 Colorado, 298.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill to restrain the enforcement of orders passed by the Boards of Supervisors of the three defendant Counties, Stanislaus, Fresno and Merced, establishing water rates to be charged by the plaintiff, the appellant; the ground of the bill being that the orders deprive the plaintiff of its property without due process of law. By a statute of March 12, 1885, the Boards are authorized to fix these rates for their several Counties, but so that the returns to the parties furnishing the water shall be not less than six per cent. upon the value of the 'canals, ditches, flumes, chutes, and all other property actually used and useful to the appropriation and furnishing of such water.' The rates when fixed are binding for one year and until established anew or abrogated. The bill concerns rates fixed in 1907, and the question before the court has been narrowed to a single issue. If the plaintiff is entitled to six per cent. upon its tangible property alone it is agreed that the orders must stand. But if the plaintiff has water rights that are to be taken into account, the rates fixed will fall short of giving it what it is entitled to and must be set aside. The Circuit Court dismissed the bill, 191 Fed. Rep. 875, and on this appeal figures are immaterial, the only question being whether the principle adopted is right.

It was suggested to be sure at the argument that it does not appear that the plaintiff offered any evidence as to water rights at the hearing before the Supervisors, and therefore that it ought not to be allowed to complain now that nothing was allowed for them. But this evidently is an afterthought. In general, a party may wait until a law is passed or regulation is made and then insist upon his constitutional rights. *Prentis* v. *Atlantic Coast Line Co.*, 211 U. S. 210, 227, 229. This we understand to be the view of the California courts as to these very boards. *Spring Valley Water Works* v. *San Francisco*, 82 California, 286, 315. *San Diego Water Co.* v. *San Diego*, 118 California, 556, 564. Moreover as the defendants contend that the plaintiff is entitled to no compensation for water rights, to offer evidence would have been an idle form.

It is not disputed that the plaintiff has a right as against riparian proprietors to withdraw the water that it distributes through its canals. Whether the right was paid for, as the plaintiff says, or not, it has been confirmed by prescription and is now beyond attack. It is not disputed either that if the plaintiff were the owner of riparian lands to which its water was distributed it would have a property in the water that could not be taken without compensation. But it is said that as the plaintiff appropriates this water to distribution and sale it thereby dedicates it to public use under California law and so loses its private right in the same. It appears to us that when the cases cited for this proposition are pressed to the conclusion reached in the present case they are misapplied. No doubt it is true that such an appropriation and use of the water entitles those within reach of it to demand the use of a reasonable share on payment. It well may be true that if the waters were taken for a superior use by eminent domain those whose lands were irrigated would be compensated for the loss. But even if the rate paid is not to be determined as upon a purchase of water from the plain-

tiff, still, at the lowest, the plaintiff has the sole right to furnish this water, the owner of the irrigated lands cannot get it except through the plaintiff's help, and it would be unjust not to take that fact into account in fixing the rates. We are not called upon to decide what the rate shall be, or even the principle by which it shall be measured. But it is proper to add a few words.

The declaration in the Constitution of 1879 that water appropriated for sale is appropriated to a public use must be taken according to its subject-matter. The use is not by the public at large, like that of the ocean for sailing, but by certain individuals for their private benefit respectively. *Thayer* v. *California Development Co.*, 164 California, 117, 128. *Fallbrook Irrigation District* v. *Bradley*, 164 U. S. 112, 161. The declaration therefore does not necessarily mean more than that the few within reach of the supply may demand it for a reasonable price. The roadbed of a railroad is devoted to a public use in a stricter sense, yet the title of the railroad remains, and the use though it may be demanded, must be paid for. In this case it is said that a part of the water was appropriated before the Constitution went into effect, and that a suit now is pending to condemn more as against a riparian proprietor, for which of course the plaintiff must pay. It seems unreasonable to suppose that the Constitution meant that if a party instead of using the water on his own land, as he may, sees fit to distribute it to others he loses the rights that he has bought or lawfully acquired. Recurring to the fact that in every instance only a few specified individuals get the right to a supply, and that it clearly appears from the latest statement of the Supreme Court of California, *Palmer* v. *Railroad Commission*, January 20, 1914, 47 Cal. Dec., 201, that the water when appropriated is private property, it is unreasonable to suppose that the constitutional declaration meant to compel a gift from the former owner to the users and that in

dealing with water 'appropriated for sale' it meant that there should be nothing to sell. See *San Diego Water Co.* v. *San Diego,* 118 California, 556, 567. *Fresno Canal & Irrigation Co.* v. *Park,* 129 California, 437, 443 *et seq. Stanislaus Water Co.* v. *Bachman,* 152 California, 716. *Leavitt* v. *Lassen Irrigation Co.,* 157 California, 82.

　　　　　　　　　　　　　　　　*Decree reversed.*

MR. JUSTICE PITNEY did not sit in this case.